IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 0:02-684-JFA |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MARVIN FITZGERALD WALKER | ) | |
| | ) | |
| _____ | ) | |

The *pro se* defendant, Marvin Walker, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] The government has responded and moved to dismiss[2] the petition as untimely and successive. For the reasons which follow, the court has determined that an evidentiary hearing is not necessary and that the § 2255 petition should be dismissed.[3]

## Procedural History

The defendant was charged in a two-count indictment for being a felon in possession of a firearm and for a Hobbs Act robbery. In exchange for the defendant's plea to both

---

[1] Because the defendant/petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

[2] After the government moved for dismissal/summary judgment of the § 2255 motion, the court then issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising the defendant of the procedures to be followed by a litigant facing a motion to dismiss or for summary judgment. The defendant responded to the motion.

[3] In deciding a § 2255 motion, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); see 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

1

counts, the government agreed not to seek an enhanced sentence of Life and recommended a sentence of 180 months, the low end of the guidelines and the statutory mandatory minimum sentence. The defendant was classified as an armed career criminal and a career offender under the Guidelines. The court sentenced Walker on May 25, 2004 to 180 months imprisonment.

After an unsuccessful direct appeal to the Fourth Circuit Court of Appeals and petition for Writ of Certiorari in the Supreme Court, the defendant filed his first § 2255 motion challenging the Armed Career Criminal Act (ACCA) application to his sentence. The undersigned denied the § 2255 motion and a certificate of appealability on January 7, 2007.

## APPLICABLE LAW

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. A petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a).

## DISCUSSION

The present motion, filed June 21, 2012, is Walker's second § 2255 motion. Here, he relies upon *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) contending that he should no longer be categorized as a career offender because at least two of his convictions used to enhance his sentence do not meet the new standard as usable felonies. It appears that the

defendant assumes that his § 2255 petition is timely as it was filed within one year of the *Simmons* case which was decided on August 17, 2011.

The *Simmons* decision, which interpreted and applied *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2377 (2010), held that when assessing whether prior North Carolina convictions constitute predicate offenses, courts must look only to the statutory minimum and maximum sentence as found by the North Carolina state court for that particular defendant. However, the Fourth Circuit has recently held that the rule announced in *Carachuri-Rosendo* and applied in *Simmons* is not retroactive to cases on collateral review. *See United States v. Powell*, 691 F.3d 554 (4th Cir. 2012). In *Powell*, the Fourth Circuit ruled that because the *Carachuri-Rosendo* holding is not retroactive, a § 2255 petitioner cannot rely on that case or *Simmons* to reset the one-year limitations period under § 2255(f)(3).

The enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended § 2255 by imposing a one-year statute of limitations period for the filing of any motion under this Section. Accordingly, the one-year period of limitation begins to run from the latest of the following four dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Supreme Court issued *Carachuri-Rosendo* on June 14, 2010, and the defendant filed his present § 2255 motion more than two years later on June 21, 2012. Therefore, the one-year time limit from June 14, 2010 has already expired, making the defendant's motion untimely.

In appropriate cases, the Supreme Court has determined that the time limit for the filing of a habeas corpus petition is subject to equitable tolling. *Holland v. Florida*, 560 U.S. ___, 130 S. Ct. 2549 (2010). A movant is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. (2005). Whether a circumstance warrants equitable tolling is made on a case-by-case basis. *Holland*, 130 S.Ct. at 2563 (quoting *Baggett v. Bullitt*, 377 U.S. 360, 375, 84 S.Ct. 1316 (1964)). Here, however, the defendant does not meet either of these factors to warrant equitable tolling in his case.

Moreover, because the present § 2255 motion is the defendant's second motion, he must seek authorization from the Fourth Circuit Court of Appeals to file a successive § 2255 motion pursuant to § 2255(h). *See United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003). Without such authorization, this court lacks jurisdiction to consider the defendant's claims.

CONCLUSION

For all the foregoing reasons, the court hereby dismisses the § 2255 motion as untimely and successive.

Because the defendant has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[4]

IT IS SO ORDERED.

January 10, 2013                              Joseph F. Anderson, Jr.
Columbia, South Carolina                      United States District Judge

---

[4] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).